IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff | : | Civil Action 2:14-mc-00008 |
| v. | : | Judge Smith |
| Julio Lopez, | : | Magistrate Judge Abel |
| Defendant | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Julio Lopez, an inmate at Madison Correctional Institution, brings this miscellaneous action seeking leave to file a request for a final administrative deportation order. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C.

---

[1]The full text of §1915A reads:

(a) Screening.--The court shall review, before dock-eting, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

§1997e(c) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to plead subject matter jurisdiction and further **RECOMMENDS** dismissal of Lopez's  request for a final administrative deportation order because this Court lacks subject matter jurisdiction over the request.

Rule 8(a), Federal Rules of Civil Procedure requires that a pleading alleging a claim contain "a short and plain statement of the grounds for the court's jurisdiction." Plaintiffs Request for a Final Administrative Deportation Order does not contain a statement of the grounds for the Court's subject matter jurisdiction. Section 1229a of Title 8 of the United States Code provides that "[a]n immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien." 8 U.S.C. § 1229a(a)(1). The statute further provides:

> Unless otherwise specified in this chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States. Nothing in this section shall affect proceedings conducted pursuant to section 1228 of this title.

8 U.S.C.  § 1229a(a)(3). Section 1228 provides:

> The Attorney General shall provide for the availability of special removal

---

> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

2

proceedings at certain Federal, State, and local correctional facilities for aliens convicted of any criminal offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 1227(a)(2)(A)(i) of this title. Such proceedings shall be conducted in conformity with section 1229a of this title (except as otherwise provided in this section), and in a manner which eliminates the need for additional detention at any processing center of the Service and in a manner which assures expeditious removal following the end of the alien's incarceration for the underlying sentence. Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

8 U.S.C. § 1228(a)(1). The statute further provides:

(A) Notwithstanding any other provision of law, the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony.

(B) Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined.

8 U.S.C. § 1228(a)(3).

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for lack of subject matter jurisdiction.

The Clerk of Court is DIRECTED to mail a copy of this Order to the United States Attorney for the Southern District of Ohio, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court,

specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).


s/Mark R. Abel
United States Magistrate Judge

4